Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Orlando Division

| | |
|---|---|
| Jean Dominique Morancy and L.M. a minor, by and through her father, Jean Dominique Morancy<br><br>_Plaintiff(s)_<br>_(Write the full name of each plaintiff who is filing this complaint._<br>_If the names of all the plaintiffs cannot fit in the space above,_<br>_please write "see attached" in the space and attach an additional_<br>_page with the full list of names.)_<br>**-v-**<br>Sabrina Alex Salomon, Gerald Francis Znosko, Angela Lynn Lambiase, Carlos A. Otero, Keith Franklin White, John David William Beamer,  Elaine Agnes Barbour, Ninth Judicial Circuit Court of Florida, Florida Sixth District Court of Appeal, Znosko & Reas, P.A., Attorney  General  Ashley  Moody<br><br>_Defendant(s)_<br>_(Write the full name of each defendant who is being sued.  If the_<br>_names of all the defendants cannot fit in the space above, please_<br>_write "see attached" in the space and attach an additional page_<br>_with the full list of names.)_ | Case No.      6:23-cv-00714-CEM-RMN<br>_(to be filled in by the Clerk's Office)_<br><br><br>Jury Trial: _(check one)_    ☒ Yes    ☐ No |

## AMENDED COMPLAINT FOR A CIVIL CASE

I.      **The Parties to This Complaint**

   A.      **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name 1 | Jean Dominique Morancy ("Father") |
| Street Address | 13096 SW 53rd St. |
| City and County | Miramar, Broward |
| State and Zip Code | Florida, 33027 |
| Telephone Number | (786) 523-3179 |
| E-mail Address | ubmojedo@yahoo.com |
| | |
| Name 2 | L.M. a minor, by and through her father, Jean Dominique Morancy |
| E-mail Address | ubmojedo@yahoo.com |

1

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sabrina Alex Salomon |
| Job or Title *(if known)* | Physician Assistant |
| Street Address | 1847 Lake Sims Pkwy, Ocoee, FL 34761 |
| City and County | Ocoee |
| State and Zip Code | FL 34761 |
| Telephone Number | (305) 833-2144 |
| E-mail Address *(if known)* | ssalomon@icloud.com |

Defendant No. 2

| | |
|---|---|
| Name | Gerald Francis Znosko |
| Job or Title *(if known)* | Lawyer, Bar #900310 |
| Street Address | 4798 New Broad Street, Suite 250 |
| City and County | Orlando |
| State and Zip Code | FL 32814 |
| Telephone Number | (407) 786-2900 |
| E-mail Address *(if known)* | gznosko@znoskoreas.com |

Defendant No. 3

| | |
|---|---|
| Name | Angela Lynn Lambiase |
| Job or Title *(if known)* | Lawyer, Bar #1022347 |
| Street Address | 4798 New Broad Street, Suite 250 |
| City and County | Orlando |
| State and Zip Code | FL 32814 |
| Telephone Number | (407) 786-2900 |
| E-mail Address *(if known)* | alambiase@znoskoreas.com |

Defendant No. 4

| | |
|---|---|
| Name | Carlos Otero |
| Job or Title *(if known)* | Lawyer, Bar #118838 |
| Street Address | 100 E Pine St Ste 110 |
| City and County | Orlando |
| State and Zip Code | Fl, 32801-2759 |
| Telephone Number | 407-574-6066 |
| E-mail Address *(if known)* | carlos@oterofamilylaw.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 5

| | |
|---|---|
| Name | Keith Franklin White (Official and personal capacity) |
| Job or Title *(if known)* | Judge, Bar #957259 |
| Street Address | 811 E Main St |
| City and County | Lakeland |
| State and Zip Code | Fl, 33801 |
| Telephone Number | 863-274-9759 |
| E-mail Address *(if known)* | whitek@flcourts.org |

Defendant No. 6

| | |
|---|---|
| Name | John David William Beamer (Official and personal capacity) |
| Job or Title *(if known)* | Judge, Bar #55390 |
| Street Address | 2 Courthouse Sq |
| City and County | Kissimmee |
| State and Zip Code | Fl,, 34741 |
| Telephone Number | 407.742.2516 |
| E-mail Address *(if known)* | ctjalt1@ocnjcc.org |

Defendant No. 7

| | |
|---|---|
| Name | Elaine Agnes Barbour (Official and personal capacity) |
| Job or Title *(if known)* | Judge, Bar #746460 |
| Street Address | 425 N Orange Ave Ste 840 |
| City and County | Orlando |
| State and Zip Code | Fl, 32801 |
| Telephone Number | 407-836-2342 |
| E-mail Address *(if known)* | ctjacb2@ocnjcc.org |

Defendant No. 8

| | |
|---|---|
| Name | Florida Ninth Judicial Circuit |
| Job or Title *(if known)* | Courthouse |
| Street Address | 425 N Orange Ave |
| City and County | Orlando |
| State and Zip Code | FL, 32801 |
| Telephone Number | 407-836-2000 |
| E-mail Address *(if known)* | Clerk.Russell@myorangeclerk.com |

3

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 9

| | |
|---|---|
| Name | Florida Sixth District Court of Appeal |
| Job or Title *(if known)* | 6 DCA Courthouse |
| Street Address | 811 E Main St |
| City and County | Lakeland |
| State and Zip Code | Fl, 33801 |
| Telephone Number | (863) 940-6041 |
| E-mail Address *(if known)* | |

Defendant No. 10

| | |
|---|---|
| Name | Znosko & Reas, P.A. |
| Job or Title *(if known)* | Law Firm |
| Street Address | 4798 New Broad Street Suite 250 |
| City and County | Orlando |
| State and Zip Code | Fl, 32814 |
| Telephone Number | 407-786-2900 |
| E-mail Address *(if known)* | WReas@znoskoreas.com |

Defendant No. 11

| | |
|---|---|
| Name | Ashley Moody |
| Job or Title *(if known)* | Attorney General, Bar: 487198 |
| Street Address | State of Florida PL-01 The Capitol |
| City and County | Tallahassee |
| State and Zip Code | FL 32399-1050 |
| Telephone Number | |
| E-mail Address *(if known)* | citizenservices@myfloridalegal.com |

Defendant No.

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Violation of the Petitioners First, Eight, Fourteenth amendment rights

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant,  *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See the following page

1) This pleading is about fraud uncovered in a paternity proceeding at the Orange County Courthouse in Orlando, Fl (Ninth Circuit). The case file # in Orange county, Fl is 2019-DR-016766.

2) Jean Dominique Morancy ("Father") petitioned the Orange County Court in Orlando on December 21, 2019, to resolve timesharing and child support issues.

3) Defendant, Sabrina Alex Salomon ("Mother"), refused to allow Father to be involved in his child rearing unless he agreed to marrying her.

4) Father was prohibited by Mother to see his child since March 2, 2020.

5) Mother was represented by an attorney who she substituted for Mr. Gerald Francis Znosko as attorney of record around June 23, 2020.

6) On June 26, 2020, Father filed an objection to change of counsel.

7) On July 13, 2020, Mr. Znosko filed a notice of hearing listing 5 motions that are going to be heard (including Father's objection to change of counsel) for the scheduled hearing on July 20, 2020.

8) On July 20, 2020, Judge Beamer ignored Father's objection to the objection to change of counsel.

9) On July 20, 2020, Judge Beamer overruled father's objection to financial disclosure and ordered the documents to be produced within 30 days.

10) On July 29, 2020, Judge Beamer approved the change of counsel and Mr. Znosko was approved as the attorney of record.

11) On August 5, 2020, Father filed a motion for temporary timesharing.

12) Thirty-one (31) days after the July 20, 2020, hearing, Judge Beamer issued his ruling that Father has 30 days to comply with discovery.

13) On August 20, 2020, Father submitted redacted financial documents to mother's counsels (Angela Lambiase and Gerald Francis Znosko).

14) On September 4, 2020, Opposing counsels (Angela Lambiase and Gerald F. Znosko) filed a motion to show cause stating that Father's documents were "even fully redacted".

15) On September 10, 2020, Father subsequently hired a lawyer, Carlos A. Otero.

16) Father provided his lawyer, Mr. Otero, with all his original (non-redacted) financial documents from September 10, 2020, to October 10, 2020.

17) On September 22, 2020, Mr. Znosko filed a notice of hearing stating that "Respondent 's Motion for Temporary Child Support and Award of Attorney's fees and cost, and Motion for order to show cause will be heard at the upcoming hearing on October 12, 2020".

18) Father confronted Mr. Otero the following day that his Motion on temporary timesharing was not scheduled.

19) On October 8, 2020, Mr. Otero filed a cross notice of hearing that Father's temporary timesharing was going to be heard at the October 12, 2020, hearing.

20) On October 12, 2020, Judge Beamer dismissed father's temporary timesharing as not being properly coordinated. It needs to be rescheduled.

21) On October 12, 2020, Father's and defendant's lawyers testified in court that they have yet to exchange Father's financial documents.

22) Judge John D.W. Beamer ordered a 14-day deadline for the Father to comply with his previous discovery order (8/20/20) and reserved on the awards of attorneys' fees.

23) At the October 12, 2020, hearing, Mr. Gerald Znosko and Angela Lambiase submitted into evidence Father's original financial documents with no objection from Father's attorney, Mr. Carlos Otero or from the presiding Judge John D.W. Beamer.

24) Judge John D.W. Beamer knew very well that the defendant's attorneys could only have Father's redacted documents given opposing counsels' narrative in their motion to show cause that the financial documents submitted by Father were "even fully redacted".

25) Father contended that counsels' statement in (21) were a lie since the only way they can have access to his original documents is through his lawyer. They lie so they could secure, through their racketeering activities, attorney's fees, and cost.

26) On October 15, 2020, Mr. Znosko filed a notice of reconvened virtual hearing.

27) On October 26, 2020, Judge Beamer issued his order related to the October 12, 2020, hearing.

28) On October 27, 2020, Father's representation by Mr. Carlos A. Otero was terminated on suspicion of fraud.

29) Father has been pro se since the termination of representation by Mr. Otero.

30) On November 30, 2020, at the reconvened hearing, Father ushered that he thinks unethical activities took place at the last hearing 10/12/2020 (did not want to file a motion). Judge Beamer replied that "this is not a motion in front of the court to consider at this time."

31) At that hearing, Father did not have time to discuss at all his August 5, 2020, motion for temporary timesharing nor was there an objection from the defendant's attorneys.

32) Father was only awarded some visitation from December 26, 2020, to January 1, 2021, by Judge Beamer. Judge Beamer considered this visitation as a ruling on petitioner's motion for temporary timesharing.

33) Around January 4, 2021, on a meet and confer call, father confronted Angela Lynn Lambiase on how she obtained access to his original documents. She answered, "I edited the file that was provided to us". Father's reply was good luck with that since the document is password protected for edit.

34) Father's quest to find out what transpired between the attorneys filed a motion to seek release of communication between the attorneys (defendant and Mr. Otero) and what kind of promise was made.

35) On March 2, 2021, on a motion to seek release of all the attorneys' prior communication (Mother's lawyers and Father's lawyer), Judge Beamer denied the motion on the reasoning of Mr. Gerald Znosko's statement:

> "The reason and how we got the documents from Mr. Otero, is through a system called Dropbox; I'm sure that the Court is aware of that. When you print out the documents from Dropbox, if they're redacted in some way, it doesn't come out that way when you print out the documents. That's exactly how we got the documents."

36) On July 8th, 2021, Judge Beamer issued a temporary timesharing Order placing baby L.M. under house arrest when she's with her Father.

37) On August 3, 2021, Father filed a motion to disqualify Judge Beamer and to transfer the case file to Broward County on the notion that Judge Beamer allowed, sanctioned fraud and racketeering activities in his courtroom.

38) Judge Keith Franklin White was reassigned to the case on September 10, 2021.

39) On September 27, 2021, Mother filed an expedited Motion to suspend father's temporary timesharing.

40) On December 20, 2021, Judge White allowed a proceeding to continue despite objections from the Father that the hearing was not properly coordinated.

41) On February 14, 2022, Judge White ordered Father to attend a parenting class late in the process that is contrary to the essence of State law that says parenting class needs to be taken early in the process (within 45 days) for any benefit to be gained if any.

42) Father responded 14 days later to state that the statute is not mandatory, any potential benefit to attend the parenting class is non-existent at this time (26 months later) in the process and that systematic social research showed the benefits from parenting classes are non-existent or minimal at best.

43) On March 31, 2022, on a motion to reconsider one of Judge John D.W. Beamer's previous order, the temporary timesharing order entered on July 8th, 2021, Judge Keith Franklin White invited (aided and abetted) attorney Angela Lynn Lambiase to perjury.

44) The March 31, 2022, hearing did not have a court reporter in attendance.

45) From February 2022 to April 2022 there was a series of hearings on the movant (Mother) expedited motion to suspend temporary timesharing.

46) Mother and her lawyers hired a private investigator to follow father's around when he is exercising his temporary timesharing.

47) During Cross examination, Father showed that the private investigator hired by mother and sanctioned by her lawyers trespassed Father's residential communities and Father was almost killed on I-95 during one of those surveillance activities.

48) From late April to May 2022, Father tried to secure a continuation hearing so he could present his defense on the expedited motion to suspend temporary timesharing. A hearing date was never granted by the Court of Judge White.

49) On May 27, 2022, Judge White moved to suspend Father's temporary timesharing on the pretext of Father's refusal to attend the parenting class but for the sole purpose to prevent father's defense on the mother's expedited motion to suspend temporary timesharing.

50) Father's and daughter's L.M visitation rights were terminated without due process and a hearing on the matter.

51)  In violation of State rules that mandate that the interest of the child should be prioritized, Judge White suspended Father's temporary timesharing.

52) Since that time, L.M., has been affected by the cruel restriction imposed by Judge White that she can no longer see her Father. That restriction will affect L.M. for the rest of her life. Father and his daughter due process rights were violated by Judge White order.

53) Plaintiffs (Father and daughter) were never given any opportunities to defend the time-sharing suspension in violation of their respective due process rights.

54) On September 15, 2022, Judge Keith Franklin White refused Petitioner's request to hold his temporary timesharing while the case is on appeal.

55) At the same September hearing, Judge White refused to let father's recount the March 31, 2022, hearing and threatened him with inability to continue his pleading.

56) Judge Keith Franklin White subsequently refused in November 2022 to approve petitioner's request to approve the statement of proceedings of the March 31, 2022, hearing pursuant to Fla. R. App. P 9.200(b)(5) that will prove his perjury despite the fact that Petitioner was not served with an objection from mother's attorneys.

57) Father later filed a Writ of Mandamus on December 6, 2022, to force Judge White to approve the statement of proceedings that is needed for his appeals.

58) Judge White was later appointed to the Florida Sixth District Court of Appeal (6DCA) on December 20, 2022.

59) Around December 27, 2022, Judge White arranged with the incoming Judge, Elaine Agnes Barbour, to schedule a contempt hearing against Father.

60) Judge Barbour was not yet assigned to the Father's paternity proceedings at the time.

61) Judge White intervened in lower court proceedings, colluded with Judge Elaine Agnes Barbour, and scheduled a future contempt hearing in her courtroom. Said hearing was approved on December 27, 2022.

62) On January 1st, 2023, Judge Elaine Agnes Barbour was officially assigned to preside over the Father's paternity proceedings.

63) On January 15, 2023, Father moved to have Judge Barbour approve the statement of proceedings.

64) On January 30, 2023, Father filed a notice to the lower court pointing out how he is prejudiced when a statement of proceedings needed for an appeal is deliberately being withheld by the court and cited Carbaugh v. State, 331 So. 3d 208, 210 (Fla. Dist. Ct. App. 2022) citing Armstrong v. State, 862 So. 2d 705, 721 (Fla. 2003).

65) On February 10, 2023, Father moved to have Judge Barbour disqualified based on her prior involvement with Judge White and her insistence to hold the contempt hearing.

66) On February 14, 2023, Judge Barbour denied a motion for her recusal at the same hearing.

67) At the hearing 2/14/2023, Father reiterated to the Court that he wants a Jury trial.

68) On February 14, 2023, the parties attended a hearing where approval of the statement of proceedings of the March 31, 2022, was discussed. Judge Barbour deliberately failed to approve the statement of proceedings. Judge Barbour refused to enter a ruling on the approval of the motion to approve the statement of proceedings of the March 31, 2022, hearing.

69) Judge Barbour moved to have all pending motions be heard on April 10, 2023, in an attempt to restrict Father's free speech (not to voice his legal arguments on his motions and to expose the court complicity in the racketeering scheme). Contrary to the court's own rules, a notice for all motions is invalid.

70) On February 16, 2023, the Sixth DCA tried to dismiss the Writ of Mandamus as moot.

71) On February 21, 2023, Judge Barbour issued an order sidestepping the approval of the statement of proceedings of the March 31, 2022, hearing that proved Judge White aided and abetted a lawyer to perjury in his courtroom.

72) On March 3, 2023, Judge Barbour entered an order in relation to the approval of the statement that has nothing to do with the statement of proceedings of the March 31, 2022, hearing.

73) Father moved to have this order vacated. Father again moved to have the Judge disqualified in relation to her willful attempt to affect Father's appeals.

74) On March 20, 2023, the Sixth DCA took an observer approach, issued an order requiring an update on the approval of the statement of proceedings instead of issuing the Writ of Mandamus.

75) On March 27, 2023, Father issued three separate subpoena duces tecum for Judge Keith Franklin White, John D.W. Beamer, and Mr. Carlos Otero.

76) On March 28. 2023, Father emailed Judge Barbour's assistant requesting a hearing on the motion to vacate the bogus approval of the statement of proceedings of the March 31, 2022, hearing.

77) On March 29, 2023, Father reminded Judge Barbour's assistant in an email that the hearing on the motion to vacate needs to be heard within 10 days of the initial request per Fam. Law. R. P. Rule 12.491(f). On the date of this filing, complete silence from the court on the request for a hearing on the motion to vacate in defiance of the rule.

78) From March 28, 2023, Judge Keith Franklin avoided three attempts of service and used the Sixth DCA court staff and security to help him avoid being served.

79) On April 3rd, 2023, Judge Barbour denied a motion to reconsider her denial of a jury trial to decide on all issues in the paternity proceedings.

80) The Florida constitution states that parties have an inviolate right to a jury trial in paternity proceedings.

81) On April 6th, 2023, Judge Beamer via the Ninth Judicial Court lawyer filed a motion to quash the subpoena.

82) At the onset of the April 10, 2023, Judge Barbour granted the motions to quash despite father statements that the Judges respective testimony are needed to elucidate racketeering activities and the scheduling of the December 27, 2022, hearing where she is a witness.

83) On April 10, 2023, in a brazen disregard for the rule of law and in violation of the Petitioners' due process rights, Judge Barbour said that all the previous orders of Judge Beamer were already reconsidered by Judge Keith Franklin White despite signed and filed orders on file showing that only the July 8th, 2021, order was reconsidered.

84) On April 10, 2023, Judge Barbour prevented the father from fully questioning his previous disgraced lawyer.

85) At the same hearing, Mr. Carlos A. Otero admitted that he did in fact gave father's original financial documents to opposing counsels prior to the October 12, 2020, hearing.

86) Every action taken by Judge John David William Beamer violated ethical standards and the Judicial Canon, Judge Beamer brought shame to the Judiciary branch. Judge Beamer, having read the respondent's motion to show cause filed on September 4, 2020, knew the defendant and her attorneys had only in their possession the Father's redacted financial documents.

87) At the October 12, 2020, hearing, all the lawyers present (Father's and Mother's) stated no exchange of financial discovery took place. Judge Beamer acceptance of the evidence allowed sale of justice to take place in his courtroom. That was further evidence on March 2, 2021, when Judge Beamer accepted **nonsensical explanations from opposing counsels** and accepted the lies of Ms. Angela Lambiase when she stated she received the documents the night before the October 12, 2020, hearing. Judge Beamer's orders facilitated fraud and racketeering activities in his courtroom.

Judge Beamer's actions led to:

    a) **Sale** of Justice in his courtroom (racketeering activities)

    b) Denial of Justice to the Plaintiffs.

    c) Emotional distress to the Plaintiffs.

    d) Facilitation and violation of the Plaintiffs due process rights. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state or its institution shall "deny to any person within its jurisdiction the equal protection of the laws."

    e) Enable racketeering activities in his courtroom.

    f) Prevented fair administration of Justice in the paternity case.

    g) Planted the seed for the Father to be spied on by a private investigator.

    h) Permitted, facilitated filing of untrue certified statements in the case file.

    i) Violated the Plaintiffs first amendment rights.

88) Every action taken by Judge Keith Franklin White violated ethical standards and the Judicial Canon. Judge White brought shame to the Judiciary branch. Judge White prevented the Father from defending himself in an accusation of poor care to his daughter at a hearing after the moving party rested their case. Judge White Aided and abetted a lawyer to perjury in order to

11

help cover Judge's Beamer facilitation of corruption. Judge White suspended Father's timesharing without a hearing violating Father and his daughter due process rights. (14th amendment). Later as a DCA court judge, in the reasoning of any reasonable person, Judge White colluded with Judge Elaine Agnes Barbour to impede and influence Father's appeals hence obstruction of Justice. Judge Keith Franklin White actions led to:

a) **Sale** of Justice in his courtroom
b) Cruel and unusual punishment to a child with no fault of her own (8th amendment).
c) Denial of Justice to the Plaintiffs.
d) Caused emotional distress to the Plaintiffs.
e) Facilitation and violation of the Plaintiffs due process rights (14th amendment). The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state or its institution shall "deny to any person within its jurisdiction the equal protection of the laws."
f) Enabling racketeering activities in his courtroom.
g) Prevention of fair administration of Justice in the paternity case.
h) Permitted, facilitated filing of untrue certified statements in the case file.
i) Violation of the Plaintiffs first amendment rights (1st amendment right).
j) The Judge committed perjury in his courtroom.
k) Aiding and abetting perjury in his courtroom.
l) Interference in the Father's appeals.
m) Recruitment of Judge Barbour to assist in his interference of Father's appeals.
n) Avoiding being served a subpoena duces tecum leading to loss of money to father.
o) Prevention of Father's defense pleading on mother's motion to suspend time-sharing.

89) Judge Elaine Agnes Barbour actions Violated ethical standards and the Judicial Canon. In the reasoning of any reasonable person, Judge Barbour colluded with Judge Keith Franklin White to delay, deny Father's approval of the statement of proceedings of the March 31, 2022, hearing. Judge Barbour received notice that a delay in the approval of the statement of proceedings would constitute prejudice, yet she actively sought to derail Father's appeal. On a quest to shield the despicable actions of her colleagues, she ordered that all motions be dispatched at the next court hearing of April 10, 2023. Judge Elaine Agnes Barbour actions led to:

a) Denial of Justice to the Plaintiffs.
b) Caused emotional distress to the Plaintiffs.
c) Violation of Father's due process rights (14th amendment). The Fourteenth Amendment to
   the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no State shall or its institution "deny to any person within its jurisdiction the equal protection of the laws."
d) Perpetuate the cruel and unusual punishment of L.M. (8th amendment).
e) Prevention of fair administration of Justice in the paternity case.
f) Violation of the Plaintiffs first amendment rights (1st amendment right).
g) Covering up of Judge White perjury.
h) Covering up Judge White Aiding and abetting perjury of a lawyer.
i) Interference in Father's appeals.
j) Similar culpability as Judge Keith Franklin White.

90) The Ninth Judicial Circuit Court of Florida fails to supervise, monitor, and establish quality control process of its employees that led to:
   a) **Sale** of Justice at the Ninth Judicial Circuit Court.
   b) Facilitation and commission of perjury in the courtroom by its employees (Judges).
   c) Violation of the Plaintiffs constitutional rights (1st, 8th, 14th amendment).
   d) Ridicule of the Judiciary system.
   e) Interference of the lower court Judge, Elaine Agnes Barbour, in Father's appeals.

91) The Florida Six District Court of Appeal delays to issue a Writ of Mandamus that benefits one of its members despite showing that Father has followed the Fla. R. App. P. 9.200(b)(5) procedures. Decides to stay on standby allowing the biased lower court Judge to use despicable tactics to delay and to avoid approving the statement of proceedings of the March 31, 2022, hearing. Ignores interference of a member of the Sixth District Court of Appeal Judge in Father's appeals and refuses to disqualify Judge Barbour despite evidence of coordination between a DCA Judge, Keith Franklin White, and Judge Elaine Agnes Barbour. Selective ruling on Father's Writ of Prohibition but not the Writ of Certiorari. All of those actions further enable the lower court Judges to violate the Plaintiffs' constitutional RIGHTS.

92) The Florida Sixth District Court of Appeal deliberately ignored case laws (mandatory disqualification of a Judge) and later shield Judge Keith Franklin White from being served a subpoena duces tecum.

93) The Florida Sixth District Court of Appeal fails to supervise, monitor, and establish a quality control process of its employees that led to:
   a) Enabling Judge White to avoid being served a subpoena.
   b) Allowing Judge White to interfere in an appeal process that involved his felony activities.
   c) Violation of the Plaintiffs due process rights. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state or its institution shall "deny to any person within its jurisdiction the equal protection of the laws."
   d) Perpetuation of the cruel and unusual punishment of L.M due to no fault on her part.
   e) Preventing a youngster from being raised by her dad.

94) Znosko & Reas. P.A. firm fails to supervise, monitor, and establish a quality control process of its employees and principal officer's work that led to:
   a) Violation of the Plaintiffs due process rights. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state or its institution shall "deny to any person within its jurisdiction the equal protection of the laws."
   b) Racketeering activities in the Florida Ninth Judicial Circuit.
   c) Violation of the Plaintiffs First amendment rights.

95) Mr. Carlos Otero violated the sanctity of attorney-client trust, ethical standards, and soiled the dignity of the Judicial System. Colluded and committed perjury in court by stating he has not exchanged his client's financial discovery documents to opposing counsels. Mr. Otero

later provided documents showing allegedly that Father's original financial documents were delivered on October 27, 2020. Mr. Otero racketeering activities led to:

a) Loss of valuable bonding opportunities between Father and daughter LM. (Plaintiffs).
b) Emotional distress to the Plaintiffs.
c) Violation of attorney-client trust.
d) Violation of the Plaintiffs' due process rights (14th amendments).
e) Fraud upon the court.
f) Prevention of fair administration of Justice in the paternity case.

96) Ms. Angela Lynn Lambiase violated her oath, ethical standards, soiled the dignity of the Judicial System. Ms. Lambiase colluded and committed perjury in court by stating she has not received Father's financial discovery documents from Father's counsel. Ms. Lambiase racketeering activities deprived the Plaintiffs:

a. Valuable bonding opportunities
b. Caused emotional distress on the Plaintiffs.
c. Sanctioned trespassing of Father's communities by a private investigator.
d. Committed perjury under the directive of Judge Keith Franklin White.
e. Committed perjury at the October 12, 2020, hearing.
f. Violated the Plaintiffs due process rights.
g. Prevent fair administration of Justice in the paternity case.
h. Certified untrue statements in court.

97) Mr. Gerald Francis Znosko violated his oath, ethical standards, soiled the dignity of the Judicial System. Mr. Znosko colluded and committed perjury in court related to the Father's financial discovery documents. Mr. Znosko racketeering activities deprived the Plaintiffs:

a. Valuable bonding opportunities
b. Caused emotional distress to the Plaintiffs.
c. Sanctioned trespassing of Father's communities by a private investigator.
d. Violated the Plaintiffs due process rights.
e. Prevent fair administration of Justice in the paternity case.
f. Certified untrue statements in court

98) Petitioners' Constitutional Rights were violated in the paternity proceedings in order to cover up the disgraceful taint the judiciary has brought upon itself and to protect their peers.

## CLAIMS AGAINST EACH PARTY

99) Plaintiffs incorporate paragraphs 1 through 98 as though fully set forth herein.

100)  **Carlos Otero**: violated the Plaintiffs due process rights (14th amendment) and engaged in racketeering activities at the Ninth Judicial Circuit Court of Florida. His actions led to subsequent violation of the Plaintiffs constitutional rights and fraud.

101)  **Angela Lynn Lambiase**: violated the Plaintiffs due process rights (14th amendment) and engaged in racketeering activities at the Ninth Judicial Circuit Court of Florida. Ms. Lambiase actions led to subsequent violation of the Plaintiffs constitutional rights and fraud.

102)  **Gerald Francis Znosko**: violated the Plaintiffs due process rights (14th amendment) and engaged in racketeering activities at the Ninth Judicial Circuit Court of Florida. Mr. Znosko actions led to subsequent violation of the Plaintiffs constitutional rights and fraud.

103)  **Judge John David William Beamer (Official and Personal Capacity)**: Violated the Plaintiffs' First and Fourteenth amendment rights.

104)  **Judge Keith Franklin White (Official and Personal Capacity)**: Violated the Plaintiffs 1st, 8th, and 14th amendment rights.

105)  **Judge Elaine Agnes Barbour (Official and Personal Capacity)**: Violated the Plaintiffs 1st, 8th, and 14th amendment rights. Judge Elaine is equally culpable of the actions of the prior Judges.

106)  **Ninth Judicial Circuit Court of Florida,**: The Ninth Judicial Circuit Court of Florida is equally guilty of Violation of the Plaintiffs constitutional rights ($1_{st}$, $8_{th}$, $14_{th}$ amendment) due to the actions of its employees.

107)  **Florida Sixth District Court of Appeal**: is equally guilty of Violation of the Plaintiffs constitutional rights ($1_{st}$, $8_{th}$, $14_{th}$ amendment) due to the actions of its employees. The Sixth DCA inactions led to dereliction of its duties.

108)  **Sabrina Alex Salomon**: is similarly guilty of the actions of her attorneys (Gerald Francis Znosko and Angela Lynn Lambiase). Hired a private investigator to trespass on Father's communities. Ms. Salomon actions led to:
   a.  Sale of Justice in the Ninth Judicial Circuit.
   b.  Prevention of Father's defense pleading on mother's motion to suspend time sharing.
   c.  Perpetuate the cruel and unusual punishment to her daughter L.M. ($8_{th}$ amendment
   b)  violation).

109)  **ZNOSKO & REAS, P.A.**: The firm is similarly guilty of its officer's fraud and employees' violation of the law and the Plaintiffs $1_{st}$, $8_{th}$, $14_{th}$ amendment rights.

110)  **Attorney General Ashley Moody**: To defend the constitutionality of the Florida statutes that requires a parenting class. Social Science research shows that parenting courses have no benefit on its intended goals. The state is mandating a class that is moot (no functional value overall). Requiring such parenting courses in paternity proceedings creates a second-class citizen as soon as parties decide to divorce or separate. The state views the parties as unfit and requires such parenting courses.

111)  **Attorney General Ashley Moody** To defend the constitutionality of the Fam. Law R. P 12.430 (b) and (d) that declares after 10 days of the last pleading, the parties lose their inviolate rights to a jury trial. Jury trial should be preserved throughout paternity proceedings unless specifically waived by a party.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Declare unconstitutional the relevant Florida Statute 61.21(4) and Fam. Law. R. P. 12.430 (b) and (d). Damages against each individual and entity that violated the Petitioners (father and daughter) constitutional rights. Compensation should be at least five times more in favor of the minor. Compensation should start at an 8-figure.
Punitive damages in favor of father should be at a minimum 10 times more of the compensatory damages against each individual and entity. The minor should receive at least five times more the punitive damages assessed against each individual and entity that father received

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        04/24/2023

Signature of Plaintiff

Printed Name of Plaintiff    Jean Dominique Morancy and on behalf of his Daughter L.M.