UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN DOMINIQUE MORANCY
and L.M.,

    Plaintiffs,

v.

SABRINA ALEX SALOMON;
GERALD FRANCIS ZNOSKO;
ANGELA LYNN LAMBIASE;
CARLOS A. OTERO; KEITH
FRANKLIN WHITE; JOHN DAVID
WILLIAM BEAMER; ELAINE
AGNES BARBOUR; NINTH
JUDICIAL CIRCUIT COURT OF
FLORIDA; FLORIDA SIXTH
COURT OF APPEAL; ZOOSKO &
REAS, P.A.; and FLORIDA
ATTORNEY GENERAL,

    Defendants.

Case No. 6:23-cv-714-CEM-RMN

**<u>ORDER</u>**

This cause comes before the Court for consideration on a review of the docket. On June 14, 2023, the Court granted Plaintiffs' Motion for a Clerk's Default against Defendant Carlos A. Otero (Dkt. 46) in an endorsed order. Dkt. 49. Upon further review, and for the reasons set forth below, the Court

finds the motion was improvidently granted, denies the motion, and directs the Clerk to vacate the default.[1]

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is the plaintiff's burden to establish effective service of process. *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016). "Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007).

In the motion, Plaintiffs contend Defendant Carlos A. Otero was properly served. Dkt. 46 at 1. The return of service filed by Plaintiffs indicates Defendant Carlos A. Otero was served by "substitute" process by delivery of copies of the summons and complaint to a virtual office because that address is "the only address known after a reasonable investigation and after

---

[1] "A district court may reconsider and amend interlocutory orders at any time before final judgment." *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231 (11th Cir. 2010).

determining that the person or business to be served maintains a virtual office." Dkt. 28 at 3.

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process. For an individual defendant, Rule 4(e) requires service by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, individual defendants may be served in the manner prescribed by the state in which the district court is located. Fed. R. Civ. P. 4 (e)(1); *Thompson v. King*, 523 F. Supp. 180, 183 (M.D. Fla. 1981).

Section 48.031(6)(a) of the Florida Statutes provides for service upon individuals as follows:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served

determining that the person or business to be served maintains a virtual office." Dkt. 28 at 3.

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process. For an individual defendant, Rule 4(e) requires service by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

  (A) delivering a copy of the summons and of the complaint to the individual personally;

  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, individual defendants may be served in the manner prescribed by the state in which the district court is located. Fed. R. Civ. P. 4 (e)(1); *Thompson v. King*, 523 F. Supp. 180, 183 (M.D. Fla. 1981).

Section 48.031(6)(a) of the Florida Statutes provides for service upon individuals as follows:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served

>  maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Fla. Stat. § 48.031(6)(a). Service of process is effective under Section 48.031(6)(a) only if the plaintiff establishes that "(1) it is the only address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." *ViSalus, Inc. v. Then*, No. 3:13-cv-109-J-99TJC-MCR, 2013 WL 3682239, at *2 (M.D. Fla. July 12, 2013).

Upon further review of the return of service for this Defendant, it appears that Plaintiffs have not satisfied the requirements of Section 48.031(6)(a). Rather than averring that the address in this case was the "only address discoverable through the public records," the process server simply states that it is "the only address known after reasonable investigation." "[C]ommentary on Section 48.031(6)(a) states that the 'statute must be strictly complied with, and the private mailbox must be the *only* address discoverable for the defendant.'" *Plumbers & Pipefitters Loc. Union No. 803 v. Adler Mech., Inc.*, No: 6:15-cv-877-Orl-28GJK, 2018 WL 5084733, at *3 (M.D. Fla. Aug. 20, 2018) (emphasis in original) (quoting 41A Fla. Jur. 2d Process § 23), *report and recommendation found moot*, 2018 WL 5084718 (M.D. Fla. Sep. 5, 2018).

Courts have found similar averments to be ineffective. For example, in *Cruz v. Petty Transp., LLC*, the court faced a similar situation, in which "the process server averred in his original return of service that he made a 'reasonable investigation.'" No. 6:08-cv-498-Orl-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008). The court found that "vacating the default was proper" because the process server's "conclusory statement was insufficient to establish that 'the only address discoverable through public records' was a private mailbox." *Id*. So too here.

For these reasons, the Court now concludes that Defendant Carlos A. Otero was not served, and Plaintiffs' motion for entry of default was improvidently granted.

Accordingly, it is **ORDERED**:

1. Upon reconsideration, Plaintiffs' Motion for Clerk's Default Against Defendant Carlos A. Otero (Dkt. 46) is **DENIED**; and

2. The Clerk is directed to vacate the default entered at Docket No. 50.

**DONE** and **ORDERED** in Orlando, Florida, on June 20, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

Jean Dominique Morancy, and
L.M. c/o Jean Dominique Morancy
13096 SW 53rd Street
Miramar, Florida 33027