## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEAN DOMINIQUE MORANCY;
and L.M.,

     Plaintiffs,

     v.

SABRINA ALEX SALOMON;
GERALD FRANCIS ZNOSKO;
ANGELA LYNN LAMBIASE;
CARLOS A. OTERO; KEITH
FRANKLIN WHITE; JOHN DAVID
WILLIAM BEAMER; ELAINE
AGNES BARBOUR; NINTH
JUDICIAL CIRCUIT COURT OF
FLORIDA; FLORIDA SIXTH
COURT OF APPEAL; ZOOSKO &
REAS, P.A.; and FLORIDA
ATTORNEY GENERAL,

     Defendants.

Case No. 6:23-cv-714-CEM-RMN

## <u>ORDER</u>

This cause comes before the Court for consideration without oral
argument on Plaintiffs' Corrected Request for the Clerk to Enter Default
(Dkt. 92), filed April 4, 2024. Once again, Plaintiffs renew their motion for
entry of a clerk's default against Carlos A Otero.

Previously, this Court vacated a clerk's default entered against
Mr. Otero because the service effected by Plaintiff was improper. *See* Dkt. 52.

That process was served on a virtual office in May 2023. *See id.* at 2. Service was improper because the averment in the affidavit did not satisfy the requirements of Florida law. *Id.* at 4–5. Since the entry of the Court's order, Plaintiffs have twice moved for—and been twice denied—reconsideration of the Court's decision that service on Mr. Otero was improper. Dkts. 54 (renewed motion), 60 (endorsed order denying motion), 87 (motion for clerk's default), 88 (order denying motion).

Plaintiffs move now for entry of a clerk's default against Mr. Otero on different grounds. Dkt. 92. Though the motion is unclear, Plaintiffs appear to believe that they have perfected service on Mr. Otero by serving, in March 2024, the original summons issued by the clerk in April 2023. *Id.* at 1 (referring to Mr. Otero as being "personally served on March 11, 2024"). And indeed, Plaintiffs have filed proof of personal service on Mr. Otero on that date.[1] Dkt. 84.

The motion is denied for two reasons. First, it does not comply with the requirements of the Court's Local Rules. Though Plaintiffs appear her pro se, they must still comply with the Court's procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Local Rule 3.01(a) requires each motion to include "a concise statement of the precise relief requested, a statement of the

---

[1] The service address appears to be Mr. Otero's residence based on county records.

basis for the request, and a legal memorandum supporting the request." The motion does not satisfy this requirement.[2]

Second, Plaintiffs must also follow the requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) requires the summons and complaint to be served on a defendant within 90 days after the complaint was filed. If a defendant is not served in this time, the Court may dismiss the action without prejudice or order service to be made within a specific time. Fed. R. Civ. P. 4(m). And if the plaintiff shows good cause for his failure, "the court must extend the time for service for an appropriate period." *Id.*

Plaintiffs did not serve Mr. Otero within 90 days of the filing of the complaint. Nor did they seek leave to serve him after the expiration of this period or show good cause for their failure to serve him within this time. Plaintiffs' belated service on March 11, 2024, is thus improper.

Plaintiff is advised that this matter is now being considered by the Court after appeal from the Eleventh Circuit. Once the Court acts on the matters addressed on appeal, Plaintiffs may move for leave to serve Mr. Otero out-of-time. In such motion, Plaintiffs must satisfy the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) (describing the

---

[2] A recent motion filed by Plaintiffs was summarily denied on this basis. Dkts. 90, 91.

"excusable neglect" test); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (relying on *Pioneer Investment Services'* excusable neglect standard to analyze untimely motions for extension of time under Rule 6(b)).

Accordingly, it is **ORDERED** that Plaintiffs' Corrected Request for the Clerk to Enter Default (Dkt. 92) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 5, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record