# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JEAN DOMINIQUE MORANCY; and L.M.,

    Plaintiffs,

v.

SABRINA ALEX SALOMON; GERALD FRANCIS ZNOSKO; ANGELA LYNN LAMBIASE; CARLOS A. OTERO; KEITH FRANKLIN WHITE; JOHN DAVID WILLIAM BEAMER; ELAINE AGNES BARBOUR; NINTH JUDICIAL CIRCUIT COURT OF FLORIDA; FLORIDA SIXTH COURT OF APPEAL; ZOOSKO & REAS, P.A.; and FLORIDA ATTORNEY GENERAL,

    Defendants.

Case No. 6:23-cv-714-CEM-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiffs' Motion on Entitlement to Recover Costs (Dkt. 86), filed March 18, 2024. In the motion, Plaintiffs move for an order under Federal Rule of Procedure 54(d) that directs the Clerk to "to assess the bill of costs fees as dictated by the US Court of Appeals for the Eleventh Circuit" and seeks to impose additional costs. *Id*. at 1. The motion is denied for four reasons.

First, the motion is not in the required format. Local Rule 3.01(a) requires that every motion include, in a single document no longer than twenty-five pages, "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The motion does not contain a statement of the basis of Plaintiffs' request nor a legal memorandum supporting it. This is not the first time the Court has denied Plaintiffs' motions because of their failure to comply with the requirements of the Local Rules. *See, e.g.*, Dkt. 93 at 2. Plaintiffs must comply with the Court's procedural rules even though they appear pro se. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Second, the motion does not contain the required certification. Local Rule 3.01(g) requires every litigant who files a motion to include, at the end of the motion and under the heading "Local Rule 3.01(g) Certification," a statement certifying that the movant has conferred with the opposing parties, indicating whether the parties agree on the resolution of all or part of the motion, and if the motion is opposed, disclosing the way the conference occurred. The motion lacks the required certification and does not otherwise disclose if the parties engaged in the required good faith conferral before the motion was filed. Again, Plaintiffs must comply with the requirements of the Court's Local Rules even though they have appeared pro se.

Third, costs related to Plaintiffs' appeal are governed by Federal Rule of Appellate Procedure 39. *See City of San Antonio, Texas v. Hotels.com, L.P.*, 593 U.S. 330, 336 (2021) ("Rule 39 creates a cohesive scheme for taxing appellate costs."). Only the costs itemized in Rule 39(e) are taxable in the district court. *See* Fed. R. App. P. 39(e). None of the new appellate costs sought by Plaintiffs fall within the categories that this Court may tax. The motion is therefore due to be denied for this reason as well.

Fourth, as much as Plaintiffs seek to make the costs taxed on appeal part of the judgment under Federal Rule of Civil Procedure 54(d), they must wait. Rule 54(d) applies once judgment is entered by this Court, not before.

Accordingly, it is **ORDERED** that Plaintiffs' Motion on Entitlement to Recover Costs (Dkt. 714) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 30, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

Jean Dominique Morancy
13096 S.W. 53rd Street
Miramar, Florida 33027