## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| JEAN DOMINIQUE MORANCY; and L.M., <br><br> Plaintiffs, <br><br> v. <br><br> SABRINA ALEX SALOMON; GERALD FRANCIS ZNOSKO; ANGELA LYNN LAMBIASE; CARLOS A. OTERO; KEITH FRANKLIN WHITE; JOHN DAVID WILLIAM BEAMER; ELAINE AGNES BARBOUR; NINTH JUDICIAL CIRCUIT COURT OF FLORIDA; FLORIDA SIXTH COURT OF APPEAL; ZOOSKO & REAS, P.A.; and FLORIDA ATTORNEY GENERAL, <br><br> Defendants. | Case No. 6:23-cv-714-CEM-RMN |

## **ORDER**

This cause comes before the Court for consideration without oral argument on Plaintiffs' Motion on Entitlement to Recover Bill of Costs (Dkt. 114), filed May 13, 2024. In the motion, Plaintiffs ask the Clerk of Court to "assess the entitlement of fees as dictated by the US Court of Appeals for the Eleventh Circuit," pursuant to Federal Rule of Civil Procedure 54(d). Dkt. 114 at 1. This is Plaintiffs' second request for this Court issue an order

entitling them to costs they incurred on appeal that were taxed by the Eleventh Circuit and included in that Court's mandate.

This Court denied Plaintiffs' first motion on four grounds. *See* Dkt. 106. First, the motion was not in the required format. Second, the motion did not contain the required "Local Rule 3.01(g) Certification." Third, contrary to the comprehensive scheme set forth in Federal Rule of Appellate Procedure 39, Plaintiffs asked the Court to impose new appellate costs that the Court was not authorized to tax. And fourth, the Court denied that motion insomuch as Plaintiffs sought to make the costs taxed by the appellate court part of a judgment under Federal Rule of Civil Procedure 54(d) as premature because no judgment has been entered in this case.

Plaintiffs' latest motion request an order, under Rule 54(d), "to the fees that were related to the appeal and the judgment pertaining to that appeal." Dkt. 114 at 2. In support, Plaintiffs cite cases that state the standards for the taxation of costs. *See id*.

Though Plaintiffs' second motion complies the requirements of the Local Rules, and Plaintiffs no longer seek to impose costs on Defendants in addition to those taxed by the appellate court, the request is still due to be denied as premature. The costs taxed on appeal are part of the appellate court's mandate. Those costs can be incorporated into a judgment issued by this Court under Rule 54(d), but to do so the Court must first enter judgment. *See Delta Air*

*Lines, Inc. v. August*, 450 U.S. 346, 351 (1981) (interpreting the former version of Rule 54 to mean "the party prevailing after judgment recovers costs unless the trial court otherwise directs"); *Nobles v. Rural Cmty. Ins. Servs.*, 490 F. Supp. 2d 1196, 1199 (M.D. Ala. 2007) ("The taxation of costs that normally accompanies final judgment is governed by Rule 54(d)(1). . . ."); *Collar v. Abalux, Inc.*, No. 16-cv-20872, 2018 WL 7364571, at *3 (S.D. Fla. Dec. 18, 2018) (amending a district court judgment to add costs taxed by the Eleventh Circuit on appeal). This Court has not entered a judgment in this case, and so Plaintiffs' request is premature. The cases cited by Plaintiffs do not address the timing of the request.

In short, as much as Plaintiffs seek a judgment from this Court incorporating the costs taxed by the Eleventh Circuit and included in that Court's mandate, they must wait until the case concludes and this Court issues a judgment.

Accordingly, it is **ORDERED** that Plaintiffs' Motion on Entitlement to Recover Costs (Dkt. 114) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 29, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

- 4 -

Copies to:

Counsel of Record

Jean Dominique Morancy
13096 S.W. 53rd Street
Miramar, Florida 33027